OF THE
STATE OF DELAWARE

T. HENLEY GRAVES
*RESIDENT JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5257

December 5, 2017

Carla A.K. Jarosz, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, Delaware 19801

Keyauna M. Smack
22006 Mill Park Drive
Bridgeville, Delaware 19933

Re: ***Smack v. Randstad HR Solutions of DE,***
**C.A. No. S17A-06-002 THG**

Date Submitted:    November 29. 2017
Date Decided:      December 5, 2017

Dear Counsel and Ms. Smack:

The Court is in receipt of the Unemployment Insurance Appeal Board's ("the Board")

Motion for Reargument filed pursuant to Superior Court Civil Rule 59(e). The Motion is denied.

The purpose of reargument is very limited. "[M]otions for reargument should not be issued

merely to rehash the arguments already decided by the court, or to present new arguments not

previously raised."[1]

Here, the Board objects to the Court's conclusion that the Board violated the Board's

Regulation 4.7.4 by relying upon evidence that was received via telephone in reaching its decision.

The Court stands by its opinion.

Of note is the fact that the Board incorrectly states that the Court raised the issue *sua sponte*.

---

[1] *Blevins v. Metzgar*, 2017 WL 2709748, at *1 (Del. Super. June 22, 2017) (citations omitted).

In fact, Ms. Smack, who has been proceeding *pro se* during these proceedings, raised the issue herself in her opening brief on appeal.[2] The Board had an opportunity to present its position on the receipt of telephonic evidence in an answering brief. The Board chose not to participate in the appellate proceedings.

The Court believes the Board's attempt to distinguish proceedings between proceedings at the Board level and those at the level of the Appeals Referee is a distinction without a difference. The ability of the Board to rely on telephonic evidence presented before the Appeals Referee when the Employer fails to appear at the Board hearing permits the Board to circumvent its own rules and deprives a claimant of the right to challenge Employer's evidence in a meaningful fashion.

The Board's Motion to Reargue is DENIED.

IT IS SO ORDERED.

Very truly yours,

T. Henley Graves

cc:     Randstad HR Solutions of DE

oc:     Prothonotary

---

[2] "I ... would like the judge to know that [Employer] has not shown up in person to represent themselves regarding this hereby matter." Smack's Opening Brief, filed August 14, 2017, at p. 1.